Michele R. Stafford, Esq. (SBN 172509)
Edward D. Winchester (SBN 271500)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
ewinchester@sjlawcorp.com

Attorneys for Plaintiffs, Sheet Metal Workers
Pension Plan of Northern California, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEET METAL WORKERS PENSION PLAN OF NORTHERN CALIFORNIA; and its BOARD OF TRUSTEES;<br><br>RICK WERNER, Trustee;<br><br>      Plaintiffs,<br>    v.<br><br>J. H. SIMPSON COMPANY, INC., a California corporation;<br><br>      Defendant. | Case No.:<br><br>**COMPLAINT** |

Parties

1.  The Sheet Metal Workers Pension Plan of Northern California (hereinafter collectively referred to as "Trust Fund"), is an employee benefit plan as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). The Trust Fund is authorized to distribute amounts due by its signatory employers to the various Funds and Plans described herein. Plaintiff Rick Werner is a Trustee and fiduciary, under ERISA § 402(a), 29 U.S.C. § 1002(a), of the Plaintiff Trust Fund, with authority to act on behalf of all of its Trustees. Plaintiffs' Trust Fund and its Trustee are referred to herein as "ERISA Plaintiffs" or "Plaintiffs." Plaintiffs are authorized to bring suit and collect monies for all other funds to which Defendants are

-1-
COMPLAINT
Case No.:

1  obligated to contribute under the Collective Bargaining Agreement described below.

2      2.   J. H. Simpson Company, Inc., a California corporation ("Defendant"), is an
3  employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

<u>Jurisdiction</u>

3.   Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4.   Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

5.   To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

<u>Venue</u>

6.   Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. ERISA Plaintiff's Trust Fund is administered in this district at their principal place of business in San Ramon, California. Thus, jurisdiction and venue are properly grounded with this Court.

7.   Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

<u>Intradistrict Assignment</u>

-2-
**COMPLAINT**
**Case No.:**

8.     The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Contra Costa, where ERISA Plaintiffs' Funds and the Bargained Plans are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

Bargaining Agreement

9.     Defendant entered into the Labor Agreement ("Bargaining Agreement") between the Sheet Metal Workers Local Union 162 and the Sheet Metal and Air Conditioning Contractors National Association's Sacramento Valley, Northern San Joaquin, and Central Valley Chapters ("SMACNA"), requiring Defendants to provide employer contributions to Plaintiffs' Trust Fund, to the other plans more fully described in the Bargaining Agreement, and to the Union for union dues. ERISA Plaintiffs are third-party beneficiaries of the Bargaining Agreement.

10.    Under the terms of the Bargaining Agreement, Defendants are required to pay certain contributions to: the Northern California Sheet Metal Workers Excess Benefits Plan; Sheet Metal Workers' Local Union No. 162 Vacation Plan; Sacramento Valley Sheet Metal Heating and Air Conditioning Industry Fund; International Training Institute for the Sheet Metal and Air Conditioning Industry; National Energy Management Institute Committee; Sheet Metal Occupational Health Institute Trust; Vacation-Holiday Savings Plan; Sheet Metal Workers National Pension Trust Fund; Labor Management Cooperation Trust; Industry Fund; and Northern California Valley, Modesto and Fresno Sheet Metal, Heating and Air Conditioning Apprentice and Mechanic Training Funds (collectively referred to hereinafter as the "Bargained Plans"). Plaintiffs' Board of Trustees has been authorized to collect and distribute monies due to the Bargained Plans under the Bargaining Agreement, and under the governing documents of ERISA Plaintiffs ("Trust Agreements") that are incorporated into the Bargaining Agreement, which Defendants agreed to be bound by.

11.    Under the Bargaining Agreement, and Trust Agreements, Defendant is required to regularly pay to ERISA Plaintiffs, the Bargained Plans, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are due on the twenty-second (22nd) day of the month following the month during which hours were

-3-
COMPLAINT
Case No.:

P:\CLIENTS\SHECL\JH Simpson\Pleadings\Complaint\Complaint 110216.docx

worked, and are considered delinquent if not received by that date. Defendant is also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages for each delinquent contribution payment at the rates set by the Trust Agreements. Moreover, the Trust Agreements provide that interest accrues on delinquent contributions at the rate of 10% per annum from the date they become delinquent until paid in full. Finally, the Bargaining and Trust Agreements require Defendant to reimburse Plaintiffs for attorneys' fees and costs incurred in relation to the collection of Defendant's delinquent contributions.

12. The Bargaining and Trust Agreements further require Defendant to maintain time records or time cards, and to permit an authorized Trust Fund representative to examine such records of Defendant as is necessary to determine whether Defendant has made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due to Plaintiffs, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

## Factual Allegations

13. Defendant has failed and refused to pay contributions for hours worked by its employees during the months of June through September 2016. Liquidated damages and interest have been incurred and are owed to Plaintiffs for the unpaid contributions for that period, as well as for prior late-paid contributions for the months of August, September, November, and December 2015, and February through April 2016.

14. Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, audit, or otherwise, including estimated contributions for months Defendant fails to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct an audit to determine whether there are any additional amounts due from Defendant.

/ / /

/ / /

-4-
COMPLAINT
Case No.:

**FIRST CAUSE OF ACTION**
**For Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendant**

15. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 14, above.

16. Defendant has a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Plans, and to timely pay dues to the Union, pursuant to the Bargaining and Trust Agreements.

17. In addition, Defendant has a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

18. By failing to make the required payments to Plaintiffs, Defendant breached the Bargaining and Trust Agreements and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

19. Defendant's failure and refusal to pay the required contributions was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreement, and incorporated Trust Agreements, by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

20. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and is restrained from continuing to refuse to perform as required thereunder.

21. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

22. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

## Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against Defendant as follows:

   (a) Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for months Defendant fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

       i. To ERISA Plaintiffs and the Bargained Plans, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

       ii. To the Union in accordance with the Bargaining Agreement.

   (b) Liquidated damages on all late paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

   (c) Interest on all late paid and unpaid contributions at the rates set in accordance with the Bargaining and Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

2. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Plans; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3. For an order,

   (a) requiring that Defendant comply with its obligations to Plaintiffs under the terms of the Bargaining Agreement and the Trust Agreements;

   (b) enjoining Defendant from violating the terms of those documents and of ERISA; and

   (c) enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendant's business until said terms have been complied with.

4. That the Court retain jurisdiction of this case pending compliance with its orders.

5. For such other and further relief as the Court may deem just and proper.

Dated: November 2, 2016

SALTZMAN & JOHNSON
LAW CORPORATION

By:       /S/
Edward D. Winchester
Attorneys for Plaintiffs, Sheet Metal
Workers Pension Plan of Northern
California, et al.

-7-

**COMPLAINT**
**Case No.:**